UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JUSTICE ALLAH, | : | Civil Action No. 08-1177 (AET) |
| Plaintiff, | : | |
| v. | : | OPINION AND ORDER DENYING APPOINTMENT OF PRO BONO COUNSEL |
| GEORGE HAYMAN, et al., | : | |
| Defendants. | : | |

This matter having been open before the Court upon motion by pro se Plaintiff Justice Allah ("Plaintiff"), proceeding in forma pauperis, to appoint pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [Docket Entry No. 28]; and Plaintiff claiming that Defendants denied him medical care, information and privacy [Docket Entry No. 30]; and this being Plaintiff's second motion seeking pro bono counsel [Docket Entry Nos. 2 and 28]; and Plaintiff stating that he is incarcerated at the Management Control Unit in New Jersey State Prison and therefore is restricted from performing legal research at the prison's law library and has no access to legal books; and Plaintiff claiming that his incarceration impedes his ability to gather evidence, interview witnesses or to make legal-related telephone calls; and Plaintiff stating that he has not received assistance from the Inmate Legal Association or the prison's paralegals and his attempts to obtain counsel have been fruitless [Docket Entry No. 28]; and the Court having fully reviewed and considered Plaintiff's motion; and the Court finding that there is no right to counsel in a civil case, see Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); and the Court further finding that under Tabron, in deciding whether

counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can retain and afford counsel on his or her own behalf, Parham, supra, 126 F.3d at 457-58 (citing Tabron, supra, 6 F.3d at 155-157, 157 n.5); and the Court further finding that other factors, such as "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation[,]" must also be considered when deciding a motion for pro bono counsel, Christy v. Robinson, 216 F. Supp. 2d 398, 408 n.20 (D.N.J. 2002) (citing Tabron, 6 F.3d at 157) (internal citations omitted); and for the purposes of this motion only, the Court assumes that Plaintiff has satisfied the threshold requirement of presenting a meritorious claim; and the Court noting that Plaintiff's prior submissions evidence his ability to pursue his claims pro se and investigate the factual issues of his claim; and in fact, Plaintiff, without the aid of counsel, has submitted: a complaint [Docket Entry No. 1], two amended complaints [Docket Entry Nos. 18 and 30], two motions for the appointment of pro bono counsel [Docket Entry Nos. 2 and 28], a request for default [Docket Entry No. 10], a motion for preliminary injunction [Docket Entry No. 15], a motion for a temporary restraining order [Docket Entry No. 15] and a motion for reconsideration [Docket Entry No. 42]; and the Court further finding that, at this time, Plaintiff has not substantiated his concerns regarding his

inability to pursue or conduct discovery; and the Court further finding that Plaintiff has not asserted that this action will require complex discovery or expert witnesses;  and the Court finding that at this point in time, Plaintiff has not demonstrated a need for appointment of pro bono counsel; and the Court having also considered the lack of funding to pay appointed counsel, the increasing number of prisoner federal civil rights actions filed, and the limited supply of competent lawyers willing to do pro bono work, see Christy, supra, F. Supp. 2d at 408 n.20 (citing Tabron, supra, 6 F.3d at 157); and the Court having considered this matter pursuant to Fed. R. Civ. P. 78; and for good cause shown,

**IT IS** on this **31st** day of **August, 2009**,

**ORDERED** that Plaintiff's application for pro bono counsel [Docket Entry No. 28] be and it hereby is **DENIED WITHOUT PREJUDICE**.

     /s/ Lois H. Goodman
**LOIS H. GOODMAN**
**UNITED STATES MAGISTRATE JUDGE**